**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ARPANA PATEL,
On behalf of GAUTAMBHAI A. PATEL,
(A 075-253-661)

                    Plaintiff,

     - against -

PHILLIP SLATTERY, Director,
National Visa Center

ROBERT BATCHELDER, Consular Chief,
United States Embassy, Mumbai, India;

MICHAEL R. POMPEO, Secretary of State of
the United States;

WILLIAM P. BARR, Attorney General
Of the United States;

                  Defendants.
-----------------------------------------------------------X

Case No.  19-5176

**COMPLAINT FOR
WRIT OF MANDAMUS**

## PRELIMINARY STATEMENT

1.     This is an immigration case. Plaintiffs, Arpana Patel ("Ms. Patel") and Gautambhai A. Patel ("Mr. Patel"), bring this action seeking the Court to compel the Defendants to complete the adjudication of Ms. Patel's visa petition for her spouse (Case #: BMB2015514053) that has been pending for over 13 months. Plaintiffs seek declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.     This court has subject matter jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, in conjunction with 28 U.S.C. §1331; the Administrative Procedure Act ("APA"), 5 U.S.C. § 555(b); and the Immigration & Nationality Act ("INA"), codified in

1

Title 8 of the U.S.C., and regulations implementing it (Title 8 and parts of Title 22 of the Code of Federal Regulations).

3. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." And under 28 U.S.C. § 1331, they "shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States."

4. The APA requires the Department of State to carry out its duties within a reasonable time. *See* 5 U.S.C § 555(b) ("[w]ith due regard for the convenience and necessity of the parties or their representatives and within amon reasonable time, each agency shall proceed to conclude a matter presented to it."). The visa petition at issue herein was properly presented to the Department of State pursuant to the INA and regulations thereunder. *See* 8 U.S.C. § 1154(b), 22 C.F.R. § 42.81; *see generally* 22 C.F.R. § 42.1 *et seq*.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because Plaintiff Ms. Patel resides in Glen Oaks, New York.

## PARTIES

6. Plaintiff, Arpana Patel, a resident of Queens County, New York, is the Petitioner of the visa petition and contends that the delays in processing her petition sponsoring her spouse for an immigrant visa were extremely and exceptionally unreasonable, to wit, 13 months.

7. Plaintiff, Gautambhai A. Patel, is the Beneficiary of the visa petition and is a citizen and native of India and is injured by the Department of State's failure to act.

8. Defendant, Phillip Slattery is the Director of the National Visa Center (NVC). In his capacity as the acting director of the NVC, Mr. Slattery is responsible for administrating the

immigrant visa applications for consular officers to review and adjudicate. As such, he is responsible for sending completed case files to the interviewing consular officer for making a decision which he has failed to act.

9. Defendant, ROBERT BATCHELDER, Consul General, United States Consulate, Mumbai, India, is a proper Defendant. Pursuant to 22 C.F.R. § 42.81 a consular office is obligated to act on a visa application. Mr. Batchelder as the consul General of the U.S. Consulate at Mumbai India has failed to act over the matters alleged in this Complaint.

10. Defendant, MICHAEL R. POMPEO, Secretary Of State of the United States, is a proper Defendant as it is his duty to run the Department of State and make sure that all administrative agencies below him are acting effectively and in accordance with the law, which they have failed to do.

11. Defendant, William P. Barr, Attorney General of the United States, is a proper Defendant as his position is one of legal oversight of the numerous government agencies listed above.

## APPLLICABLE LAW

12. For a writ of mandamus to be properly issued, "three elements must co-exist: (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Lovella v. Froehlke*, 468 F.2d 340, 343 (2d. Cir. 1972).

13. A writ of mandamus must compel performance of a "clear nondiscretionary duty." *Pittson Coal Group v. Sebben*, 488 U.S. 105, 121 (1988).

14. Pursuant to 5 U.S.C. § 555(b) the United States Citizenship and Immigration Services has a nondiscretionary duty to adjudicate a matter presented to it.

15. "A consular office is required by law to act on visa applications. Under 22 C.F.R. § 42.81, '[w]hen a visa application has been properly completed and executed… the consular officer shall either issue or refuse the visa….' In addition, the section is entitled, 'Issuance or refusal mandatory.'" *Patel v. Reno*, 134 F.3d 929, 932 (9th Cir. 1997). *See also* 8 U.S.C. § 1154(b); *Singh v. Clinton*, 618 F.3d 1085 (9th Cir. 2010); *American Academy of Religion v. Chertoff*, 463 F.Supp.2d 400 (S.D.N.Y. 2006) (parallel situation with nonimmigrant visa); *Raduga USA Corp. v. US Dept. of State*, 440 F.Supp.2d 1140 (S.D. Cal. 2005); *Assad v. Holder*, No. 2:13–00117 WJM, 2013 WL 5935631, *3 (D.N.J. Nov. 1, 2013) ("For every properly completed and executed visa application, a consular official must either issue or refuse the visa."); 22 C.F.R. § 42.81(a). In this case, Mr. Islam was not issued a visa, nor was his application refused.

16. Additionally, 8 USC § 1103 states that "[t]he The Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added)

## STATEMENT OF FACTS

17. Plaintiff Arpana Patel is a U.S. Citizen residing in Glen Oaks, New York. She is married to Plaintiff Gautambhai Patel, a citizen of India.

18. Mr. Patel was deported from the United States to India nine years ago.

19. Ms. Patel filed, with the assistance of counsel, Form I-130, Petition for Alien Relative, on behalf of her husband Mr. Patel in 2015.

20. The I-130 petition was then approved and forwarded to the National Visa Center (NVC) and subsequently to the United States Embassy in Mumbai, India. *See* Exhibit 'A,' I-130 Approval Notice & Exhibit B Visa Appointment Confirmation (Case #: BMB2015514053).

4

21. Due to his previous deportation, in addition to the I-130 filed by Ms. Patel, Mr. Patel was also required to file Form I-212 (Application for Permission to Reapply for Admission into the United States After Deportation or Removal).

22. An applicant for an immigrant visa who is not physically present in the United States and who requires permission to reapply for admission must file with the American consul with jurisdiction over the alien's place of residence. A consular officer shall then forward the application to the district director with jurisdiction over the place where the deportation proceedings were held. *See* 8 C.F.R. § 212.2(b).

23. If the applicant also needs a waiver of any other grounds of inadmissibility (Form I-601, Application for Waiver of Grounds of Inadmissibility) then both Forms the waiver and I-212 must be filed concurrently. *See* 8 C.F.R. § 212.2(d).

24. On June 14, 2016 Mr. Patel concurrently filed an Application for Waiver of Grounds of Inadmissibility (Form I-601) and Application for Permission to Reapply for Admission into the United States After Deportation or Removal (Form 1-212) with the American consul in Mumbai, India. *See* Exhibits 'C,' I-601 Approval Notice; 'D,' I-212 Approval Notice.

25. Forms I-601 and I-212 applications were both approved on April 20, 2018. *Id*.

26. Plaintiffs complied with the requirements of the United States Department of State (*see* 8 C.F.R. § 204.2(g)(3), 8 C.F.R. § 212.2(d)); and thereafter Plaintiffs did supply all necessary documents and are in full compliance with the visa requirements.

27. Mr. Patel subsequently appeared in person for an interview at the United States Embassy in Mumbai, India on July 12, 2018.

28. It has been over four years since Ms. Patel submitted her initial I-130, Petition for Alien Relative.

29. It has been over one year since Mr. Patel's Forms I-601 and I-212 were approved by USCIS and since his interview at the United States Embassy in Mumbai, India.

30. Mr. Patel's visa application has remained pending in administrative processing since his July of 2018 interview.

31. On July 03, 2019 Plaintiff through his counsel sent a 30 day Notice of Writ of Mandamus to Consulate General of Mumbai U.S. Embassy Mumbai informing the consulate of Plaintiffs' rights and demanding proper action. On August 13, 2019, the Consulate General responded to the counsel letter merely stating that additional time is required for processing Mr. Patel application while admitting that "most administrative proceedings are resolved within 60 days". Exhibit "E" Consulate General Letter to Counsel.

32. As a result of the delay, Ms. Patel has been suffering tremendously due to having to live apart from her spouse.

## CAUSE OF ACTION

33. The plaintiffs have exhausted any and all administrative remedies that may exist. There are no other adequate remedies available to them other than for this court to compel the Defendants to adjudicate Ms. Patel's petition, without delay, and to issue a final decision in this matter.

34. The INA and regulations thereunder do not afford Ms. Patel any remedies for a stalled immigrant visa application. These statutes and regulations only elucidate the process for making applications, being approved, and being denied. *See generally* INA § 204, 8 U.S.C. 1154, 8 C.F.R. § 103, 8 C.F.R. § 204, and 22 C.F.R. § 42.1 *et seq.*

35. The Defendants owe Ms. Patel and Mr. Patel a duty to adjudicate Mr. Patel's visa. This duty is owed under the INA and regulations, and by virtue of the filing fee charged by USCIS. The government has an obligation to process and adjudicate their applications.

36. A delay of over one year is *per se* unreasonable.

37. The delay is also unreasonable in light of the fact that neither the Department of State nor the USCIS has been unable to adequately respond to any of Ms. Patel's and Mr. Patel's inquires on their application.

38. Based on the foregoing, the Plaintiffs have demonstrated a clear and undisputable right to the relief sought. *In Re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

## PRAYER FOR RELIEF

**WHEREFORE**, and in light of the foregoing, Plaintiffs Ms. Patel, pray:

a. That the Court assume jurisdiction herein;

b. That the Court compel the Defendants and those acting under them to expedite Ms. Patel's petition and perform their duty or duties to issue or refuse Mr. Patel's visa;

c. That the Court award Plaintiffs' reasonable attorneys' and court fees; and

d. That the court grant such other and further relief as the court deems appropriate and just.

September 10 2019

Respectfully submitted,

__/s Parham Zahedi_____
Parham Zahedi Esq.
Law Offices of Gehi & Associates
Attorney for Plaintiffs
10405, Liberty Ave.
Ozone Park NY 11375
(718) 5770711 (phone)


## **VERIFICATION**

STATE OF NEW YORK   )
                   ) ss.
COUNTY OF _____ )

___Arpana Patel___ being duly sworn, deposes and says that I am the plaintiff in this action, that I have read the foregoing complaint and know the contents thereof, and the same are true to my knowledge, information and belief.

_____
Arpana Patel

Subscribed and sworn to before me
On September __6th__, 2019

_____
Notary Public
My commission expires on

NARESH MENGHRAJ GEHI
Notary Public - State of New York
NO. 02GE6063117
Qualified in Queens County
My Commission Expires Oct 2, 2017